IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CURTIS GARNER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL NUTTER; LOUIS GIORLA; | : | |
| M. FARRELL; DEPUTY WARDEN | : | |
| MAJOR ABELLO; C/O GLOVER; | : | |
| SETH WILLIAMS; and LOUIS A. | : | |
| MINCARELLI | : | NO. 15-1335 |

**NORMA L. SHAPIRO, J.**                                                                                                    **FEBRUARY 12, 2016**

**MEMORANDUM**

    Plaintiff Curtis Garner filed a *pro se* civil rights complaint alleging constitutional violations occurring while he was detained at the Curran-Fromhold Correctional Facility. Plaintiff then filed a request to file a supplemental complaint, an amended complaint, a "Motion and Cause for Supplemental Complaint", a memorandum of law in support of the amended complaint, and a letter to the Clerk of Court. Plaintiff attached inmate grievance forms and other documentary evidence to these filings.

    By order of September 2, 2015, the court (1) directed the U.S. Marshal Service to serve defendants with the complaint and amended complaint; and (2) took under advisement, pending a decision on the appointment of counsel, plaintiff's request to file a supplemental complaint and "Motion and Cause for Supplemental Complaint." By order of September 14, 2015, the court granted plaintiff's motion for appointment of counsel and ordered the action placed in administrative suspension pending a decision, by November 17, 2015, of attorneys on the Prisoner Civil Rights Panel [hereafter "Panel"] on whether any would volunteer to represent plaintiff. No attorney has volunteered to represent plaintiff.

Before the court could take the case out of administrative suspense or rule on the documents taken under advisement, defendants filed motions to dismiss, triggering a new round of pleadings.

Defendants' motions to dismiss were prematurely filed. An action remains in administrative suspense until the court orders it removed; it is not returned to active status simply by the end of the condition imposed upon transfer. *See* Standing Order, *Civil Suspense Docket* (E.D. Pa. June 24, 1975) ("The Judge shall review the status of the civil action from time to time and transfer the case to his regular trial list as soon as the condition which required transfer to the Civil Suspense Docket has been removed."). Upon expiry of the court-imposed deadline for a Panel decision, defendants should have alerted the court and sought a ruling on the documents taken under advisement, not filed motions while the action remained in suspense.

Plaintiff, without court permission, filed multiple pleadings and other documents addressing claims for relief. This violates Federal Rules of Civil Procedure 7, which specifies the pleadings allowed, and 8(d)(1), which states allegations must be "simple, concise, and direct."

The court will strike all previous pleadings and order plaintiff to file **ONE** amended complaint containing all claims for relief in a "short and plain statement" that is "simple, concise, and direct." Fed R. Civ. P. 8(a) & (d)(1). The court will consider whether plaintiff's amended complaint satisfies the Federal Rules of Civil Procedure before ordering it served on defendants.

An appropriate order follows.