IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CURTIS GARNER, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 15-1335 |
| MICHAEL NUTTER, et al, | |
| Defendants. | |

### MEMORANDUM OPINION

**Schmehl, J.**   /s/ JLS                                                                                                   March 17, 2017

      Before the Court is Defendants' Third Motion to Dismiss for Failure to State a Claim (Docket No. 48). Plaintiff, in custody as a pre-trial detainee at the time he filed this action, brings claims against the City of Philadelphia, Mayor Michael Nutter, Prison Commissioner Louis Giorla, Warden Michele Farrell, Olayemi Olukanni of the Prison Accounting Department, Lieutenant Michael Sparango, Sergeant Cruz Molina and Officer Aisha Glover ("Defendants"), alleging that he was sometimes forced to reside in a three-person cell that was designed for two people, which violates his constitutional rights under 42 U.S.C. § 1983[1]. (Amended Complaint at pp. 1-2, 10.) Plaintiff has opposed the motion to dismiss. After review of all relevant documents, I will grant Defendants' third motion to dismiss and dismiss Plaintiff's Amended Complaint with prejudice.

---

[1] Plaintiff also named an "Ortiz" as a defendant in his amended complaint, but the City refused to accept service for this person because several persons named Ortiz work for the Philadelphia Prison System.

I. **STANDARD OF REVIEW**

A Rule 12(b)(6) motion to dismiss requires the court to examine the sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In determining whether a complaint is sufficient, the court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (citing Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).

Although "conclusory" or "bare-bones allegations" will not survive a motion to dismiss, Fowler, 578 F.3d at 210, a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits. Phillips, 515 F.3d at 231. Nonetheless, to survive a Rule 12(b)(6) motion, the complaint must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Id. at 234 (quoting Twombly, 550 U.S. at 556) (internal quotations omitted).

II. **DISCUSSION**

Section 1983 provides remedies for deprivations of rights established in the Constitution or by federal law. To state a claim under § 1983, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him of a right secured by the Constitution or the laws of the United States. Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006). If a plaintiff brings a suit against individual defendants, personal wrongdoing must be shown "through allegations of personal direction or of

actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Plaintiff must allege a defendant's personal involvement because a defendant cannot be held liable for a constitutional violation he did not participate in or approve. Baraka v. McGreevey, 481 F.3d 187, 210 (3d Cir. 2007). In the instant matter, Plaintiff's Amended Complaint does not contain any factual allegations whatsoever as to the conduct of Defendants Mayor Nutter, Commmissioner Giorla, Warden Farrell, Sergeant Molina or Mr. Olukanni. (Am. Compl. at pp. 17-18.) Further, the only allegations found in Plaintiff's Amended Complaint as to Lieutenant Sparango or Officer Glover are that they were rude to him. (Id.)

First, Plaintiff's amended complaint does not contain a single factual allegation regarding the conduct or behavior of Mayor Nutter, Commissioner Giorla, Warden Farrell, or Sergant Molina. (See Am. Compl.) Plaintiff has failed to adequately allege that these four defendants were personally involved in the violation of his constitutional rights. See Phelps v. Flowers, 514 F.App'x 100, 102 (3d Cir. 2013) (dismissing *pro se* claim against a warden because under § 1983 "each individual must have personal involvement in the alleged wrongdoing") (citations and quotations omitted); Miles v. City of Phila., 2011 WL 4389601, at *7 (E.D. Pa. Sept. 21, 2011) (citing Rode and holding that "[b]ecause plaintiff's complaint contains no factual averments against defendant Nutter, I will dismiss her claims against him"). Accordingly, all claims against Nutter, Giorla, Farrell and Molina will be dismissed. Further, this was Plaintiff's third attempt at amending his complaint. As he has not been able to set forth specific factual allegations against Nutter, Giorla, Farrell and Molina in three tries, all claims against those four defendants will be dismissed with prejudice.

3

Next, as to Officer Glover and Lieutenant Sparango, Plaintiff merely alleges that these two individuals were rude to him and "verbally assaulted" him. (Am. Compl. at pp. 17-18.) Obviously, these allegations fail to state a claim upon which relief can be granted, as there is no constitutional requirement that Defendants treat Plaintiff kindly or pleasantly. As to Mr. Olukanni, Plaintiff claims that he was the Prison System Accounting Supervisor and that "erroneous deductions" were made from Plaintiff's inmate account. (Am. Compl. at p. 25.) Plaintiff failed to plead any specific facts to show such deductions occurred, nor has he indicated any case law that says he has a constitutional right to a correct inmate account statement. Therefore, all allegations against Officer Glover, Lieutenant Sparango and Mr. Olukanni are also dismissed with prejudice.

Lastly, Plaintiff's claims against the City of Philadelphia also fail to state a claim for municipal liability because his amended complaint lacks any allegations regarding a municipal policy or custom. A municipality is only liable when the alleged constitutional violation involves "a policy, regulation or decision officially adopted by the governing body or informally adopted by custom." Mulholland v. Gov't Cnty. of Berks, Pa., 706 F.3d 227, 237 (3d Cir. 2013) (quoting Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996). A policy is a, "…statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 690 (1978). A custom is "[practice]…so permanent and well settled" that it is implemented, "with the force of law." Id. at 691. A complaint that includes no allegations regarding a municipal policy or custom must be dismissed. See Breslin v. City & County of Phila., 92 F.R.D. 764, 765 (E.D. Pa. 1981). Here, Plaintiff

4

makes no allegations concerning a specific policy or custom implemented by the City of Philadelphia, and instead limits his complaint to wrongs committed by individual correctional officers or allegations regarding his own personal situation. Accordingly, the claims as to the City of Philadelphia must also be dismissed with prejudice, as Plaintiff was given three chances to set forth a policy or custom of the City that violated his constitutional rights, and failed to do so.

### III.    CONCLUSION

For the foregoing reasons, Defendants' Third Motion to Dismiss Plaintiff's amended complaint is granted with prejudice. Plaintiff was given several opportunities to amend his complaint against the defendants and still failed to provide proper allegations regarding the defendants' personal involvement and the City's improper policies or customs. Therefore, this matter is closed.